IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

LAWRENCE A. AZURE,                    )
     Petitioner,                          )
                                          )
v.                                     )            CIVIL ACTION NO. 5:08-0286
                                          )
TODD R. CRAIG,                         )
Warden, FCI Beckley,                   )
     Respondent.                          )

<u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On May 1, 2008, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West

Virginia,[1] and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus*

By a Person in Federal Custody.[2] (Document No. 4.) Petitioner alleges that the Federal Bureau of

Prisons [BOP] improperly calculated his sentence. (<u>Id.</u>) By Standing Order, this matter was referred

to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Terre Haute, which is located in the Southern District of Indiana. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

## PROCEDURE AND FACTS

Petitioner pled guilty in the United States District Court of North Dakota to Second Degree Murder in violation of 18 U.S.C. §§ 1111 (Murder) and 1153 (Offenses Committed Within Indian Country), and to use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c).[3] (Document No. 3.) Petitioner claims "he was arrested on January 27, 1985, and held in jail until sentencing on May 6, 1985." (Document No. 4, p. 2.) On May 6, 1985, Petitioner was sentenced to a 20-year term for Second Degree Murder, and a consecutive five-year term for violating 18 U.S.C. § 924(c). (Id., p. 1.) Petitioner complains that the Bureau of Prisons [BOP] improperly "reversed the order of the sentencing court making petitioner serve the 5-year sentence first."(Id.) Thus, Petitioner states that the "reversing of the order of the sentencing court subjects petitioner to five years more than the sentencing court ordered." (Id., p. 3.) Petitioner explains as follows:

> If petitioner's sentences were served by direction of the sentencing court, petitioner could have served 6 years 8 months, or one third of the 20-year sentence before becoming eligible for parole, any time after that petitioner could have been paroled to the 5-year non-parolable sentence, at which time both sentences would have been running together. Petitioner would not have been exposed to more than twenty years, and both sentences would have expired on January 27, 2005.

(Id.) As Exhibits, Petitioner attaches the following: (1) A copy of his "Central Office Administrative Remedy Appeal" dated January 13, 2008 (Id., p. 7.); and (2) A copy of Administrator Harrell Watts'

---

[3]   It appears that Petitioner was released on parole in January 29, 1996, and his parole was revoked on August 24, 1996. Petitioner was again released on parole on September 24, 1996, and his parole was revoked on July 2, 1997. *See Azure v. Pugh*, 216 F.3d 1086 (10th Cir. 2000)(unpublished opinion). The undersigned, therefore, assumes that Petitioner is currently in custody on a parole violation.

2

Response dated March 7, 2008, denying Petitioner's Central Office Appeal (Id., p. 8.).[4]

## ANALYSIS

Essentially, Petitioner contends that BOP incorrectly calculated his sentence. Petitioner acknowledges that he received a 20-year parolable sentence for Second Degree Murder, and a consecutive five-year non-parolable sentence for violating 18 U.S.C. § 924(c). Petitioner, however, contends that the BOP improperly reversed the order of his sentences by requiring him to first serve his non-parolable five-year sentence. Petitioner further states that the BOP failed to appropriately apply his 485 days of good time credit and 99 days of jail credit.

_____

[4] In Response to Petitioner's Central Office Appeal, Administrator Watts stated as follows (Document No. 4, p. 8.):

> Our review revealed you were sentenced on May 6, 1985, to a 20-year term for Second Degree Murder, and a consecutive 5-year term for violating 18 U.S.C. §924(c). The sentencing provisions for violating § 924(c), mandate a consecutive, 5-year, non-parolable sentence. Bureau policy in effect at the time required staff to aggregate your sentences into a 25-year term which consisted of a 5-year non-parolable term and a consecutive 20-year parolable term. This is stipulated in Program States 5880.30, Sentence Computation Manual, and required staff to establish the PED [parol eligibility date] for the aggregated term by executing the non-parolable sentence before the consecutive parolable sentence irrespective of the order of imposition. As such, one-third of the parolable term is calculated from the Statutory Release Date (SRD) of the non-parolable term. After applying 485 days of Statutory and Extra Good Time and 99 days of jail credit, the SRD of your 5-year, non-parolable sentence became September 28, 1988. One-third of your 20-year term, or six years and eight months, from the SRD resulted in a May 27, 1995, PED. You were subsequently released on parole on January 29, 1996.
>
> You complain staff executed your sentences in reverse order of their imposition and did not apply SGT earned before the terms were aggregated. We did not find any merit to your claim. In fact, the calculation of your PED is based on manual calculations starting with the SRD of the 5-year term after all applicable SGT was deducted. Had the sentences been executed in the order of their imposition, and making an unlikely assumption you would have been released from the 20-year sentence upon reaching your PED, your SRD from a consecutive 5-year term would have actually been after your actual January 1996 release date.

3

The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).Pursuant to Program Statement 5880.30, the BOP combined Petitioner's "sentences into a 25-years term which consisted of a 5-year non-parolable term and a consecutive 20-year parolable term." Program Statement 5880.30 provides that "consecutive adult sentences, regardless of parole, or non-parole, eligibility involved, are combined (aggregated) into a single sentence for computation purposes." The BOP required Petitioner to first serve his five-year non-parolable sentence and determined that Petitioner's parole eligibility date for his 20-year sentence was May 27, 1995.[5] Petitioner alleges that requiring him to first serve his five-year non-parolable term resulted in a longer period of incarceration. Petitioner explains that allowing him to first serve his 20-year term would have made him eligible for parole in 6 years and 8 months. Petitioner argues that after serving 6 years and 8 months, "petitioner could have been paroled to the 5-year non-parolable sentence, at which time both sentences would have been running together and petitioner would not have been exposed to more than twenty years."

After reviewing the record, the undersigned concludes that Petitioner's arguments are without merit. In United States v. Gonzales, 520 U.S. 1, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997), the Supreme Court determined that Section 924(c) does not require an inmate to serve his five-year prison term prior to any other sentences. United States v. Gonzales, 520 U.S. 1, 6-7, 117 S.Ct. 1032, 1035-36, 137 L.Ed.2d 132 (1997). The Supreme Court reasoned that under certain circumstances requiring a Section 924 sentence to run first could result in dramatically higher sentences. Id., 520 U.S. at 7, 117 S.Ct. at

---

[5] According to Administrator Watts, Petitioner was released on parole on January 29, 1996.

4

1036. The Court explained as follows:

> Normally, a district court has authority to decide whether federal prison terms should run concurrently with or consecutively to other prison sentences. If the prison terms for respondent's other federal sentences could not begin until after their § 924(c) terms were completed, however, the District Court would effectively be stripped of its statutory power to decide whether the sentences for the underlying narcotics offenses should run concurrently with respondents' state terms of imprisonment.

Id. (internal citations and quotations omitted) In the instant case, Petitioner's circumstances clearly differ from those in Gonzales. The BOP's requirement that Petitioner serve his five-year term for violating 18 U.S.C. § 924(c) prior to his 20-year sentence for Second Degree Murder did not result in a longer period of incarceration.[6] Petitioner's assumption that his 20-year sentence and five-year sentence could "have been running together" is incorrect. Petitioner's five-year sentence for violating Section 924(c) must be served consecutive to any other sentences. See Gonzales, 520 U.S. at 11, 17 S.Ct. at 1038("[T]he plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal."). Accordingly, Petitioner's claim that the BOP improperly reversed the order of his sentences resulting in a longer period of incarceration is without merit.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and

---

[6] When calculating Petitioner's five-year sentence prior to his 20-year sentence, Petitioner's parol eligibility date was May 27, 1995. After applying 485 days of GTC and 99 days of jail credit, Petitioner's five-year non-parolable sentence results in a statutory release date of September 28, 1988. Adding one-third of Petitioner's 20-year term (6 years, 8 months) to the statutory release date for the five-year sentence (September 28, 1988), results in a parol eligibility date of May 27, 1995.

When calculating Petitioner's 20-year sentence prior to his five-year sentence, Petitioner's parol eligibility date would have been June 2, 1991. After applying 485 days of GTC and 99 days of jail credit, Petitioner's 20-year parolable sentence results in a statutory release date of September 29, 2003. Thus, the parol eligibility date on Petitioner's 20-year sentence would have been June 2, 1991. Assuming Petitioner would have been released on parole on June 2, 1991, the statutory release date on his five-year non-parolable sentence would have been June 2, 1996.

accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion to Proceed Without Prepayment of Fees (Document No. 1.) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in Federal Custody (Document No. 3.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby FILED, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se.*

Date: February 11, 2011.

R. Clarke VanDervort
United States Magistrate Judge