IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LAWRENCE A. AZURE,

                Petitioner,

v.                              CIVIL ACTION NO. 5:08-cv-00286

T.R. CRAIG,
Warden, FCI Beckley,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 3].

By Standing Order [Docket 5] entered on May 1, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On February 11, 2011, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 22] wherein it is recommended that this Court dismiss the Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and remove this matter from the Court's docket.

I.

On May 6, 1985, Petitioner was sentenced by a judge in the United States District Court of North Dakota to a twenty year term for Second Degree Murder and a consecutive five year non-parolable term for violating 18 U.S.C. § 924(c).[1]  At the time he was sentenced, he had served ninety-nine days in jail.  (Pet. 1-2.)  He was released on parole on January 29, 1996.  He asserts that the Bureau of Prisons ("BOP") reversed the order of his sentences, making him serve the five year non-parolable term first, resulting in a substantially increased term of imprisonment.  (Objs. 2.)  Petitioner further asserts that the BOP did not give him credit for time served and good time credit to which he was entitled.

Petitioner attaches to his Petition a response to his administrative appeal from the BOP.  The response denies Petitioner's appeal and states that the BOP policy in effect at the time of his sentencing required staff to aggregate his sentences into a twenty-five year term consisting of the five year non-parolable sentence and a consecutive twenty year parolable term.  (Pet. Ex. 1.)  The response goes on to state that this policy required staff to establish his parole eligibility date for this aggregated term by executing the non-parolable term first.  The response further states that if the sentences had been executed in reverse order, with the twenty year parolable sentence first, his release date from the consecutive five (5) year term would have been after his actual January 29, 1996 release date.  (Pet. Ex. 1.)

---

[1] 18 U.S.C. § 924(c) provides that a person who carries or uses a firearm in relation to a crime of violence shall be sentenced to a term of imprisonment not less than five years, in addition to the punishment provided for the crime of violence.  The statute additionally provides that this term of imprisonment shall not "run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."  18 U.S.C. § 924(c).

The magistrate judge similarly found that Petitioner's arguments are without merit and that the BOP's requirement that he serve his five year non-parolable term before his twenty year sentence did not result in a longer period of incarceration. (PF&R 5.)

Petitioner filed objections on March 2, 2011. In his objections he cites *United States v. Gonzales*, 520 U.S. 1, 7 (1997), which recognized that requiring a 18 U.S.C. § 924(c) term of imprisonment to occur before all other federal sentences could result in dramatically higher sentences in some instances. *Id.* He objects to the magistrate judge's findings and reiterates his arguments in his Petition. He requests that, in the alternative to granting him habeas relief, the Court order additional findings of fact and appoint counsel in this case. (Objs. 2.)

II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

III.

Parole for federal sentences prior to the Sentencing Guidelines is governed by 18 U.S.C. § 4205(a) (1982) ("Parole Act"). The Parole Act provides that a prisoner shall be eligible for release on parole after serving one-third of his sentence. 18 U.S.C. § 4205(a). The Parole Act further states,

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d). These rules are inapplicable to non-parolable sentences. *See* 18 U.S.C. § 4205(h) ("Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law").

Petitioner explains in his Petition that if he had been allowed to serve his twenty year sentence first, inclusive of all credit he was due,

> [he] would have served (6) years (8) months or one third of the (20) year sentence before becoming eligible for parole, any time after that this petitioner could have been paroled to the (5) year non parolable sentence, at which time both sentences would have been running together and petitioner would not have been exposed to more than twenty years[.]

(Pet. 3.) He explains that even if he had not been paroled on the twenty year sentence after serving one third of it, he would have most likely been released after serving two thirds, or thirteen years and four months, pursuant to 18 U.S.C. § 4206(d) quoted above. (Pet. 4.)

In other words, Petitioner argues that had he been allowed to serve his twenty year sentence first he would have been paroled on that sentence after six years and eight months, or at most

4

thirteen years and four months, and instead of actually being released on parole he would have remained in custody to serve his five year sentence. Under this construction, Petitioner asserts that he would have been released after his five year sentence to complete his term of parole, and his twenty year sentence would have been reduced by the five years he spent in custody pursuant to his non-parolable sentence.

This theory assumes that Petitioner would have been released on parole before there were five years left in his twenty year sentence. This is a fairly safe assumption because, while he was not released after exactly one third of his twenty year sentence, he was released well-before two thirds of that sentence had expired -- about seven years and four months. Petitioner also assumes that he would have received credit against his twenty year sentence for those five years he spent in custody pursuant to his non-parolable sentence. This assumption is in error. Section 4210 of the Parole Act describes the jurisdiction of the Parole Commission over parolees. It provides,

> (a) A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.
>
> (b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that--
>
> (1) such jurisdiction shall terminate at an earlier date to the extent provided under section 4164 (relating to mandatory release) or section 4211 (relating to early termination of parole supervision), and
>
> (2) in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole, and such offense is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer

>than the maximum term for which he was sentenced in connection with such offense.
>
>(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond.
>
>. . ..

18 U.S.C. § 4210. This statute speaks in part to the disposition of an unexpired term of parole during a term of imprisonment and the circumstances under which the Parole Commission may retain jurisdiction over a parolee later than the date of expiration of his sentence. The Parole Commission interpreted this statute in constructing a policy for providing credit for time spent on parole against time served in the event of revocation. Section 2.52 of the USPC Manual reveals that credit against a sentence for time served on parole is within the Parole Commission's discretion. That section states,

>(c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision except as provided below:
>
>(1) If the Commission finds that such parolee intentionally refused or failed to respond to any reasonable request, order, summons or warrant of the Commission or any agent thereof, the Commission may order the forfeiture of the time during which the parolee so refused or failed to respond, and such time shall not be credited to service of the sentence.
>
>(2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revocation hearing the Commission may reopen the case and schedule a further hearing relative to time forfeiture and such further disposition as may be appropriate. However, in no event shall the violator term imposed under this subsection, taken

together with the time served before release, exceed the total length of the original sentence.

USPC Manual p. 143, § 2.52(c).

Petitioner assumes that if he served his five year sentence while on parole for his twenty year sentence, once his parole was revoked he would have gotten those five years credited against the remainder of his twenty year sentence.[2] Under § 2.52 of the USPC Manual, this might be true if he were simply out of custody on parole for five years without incident; however, giving Petitioner credit for his § 924(c) sentence against another sentence retroactively renders the five year sentence concurrent to his twenty year sentence, and those sentences were consecutive.[3]

In 1985 when Petitioner's sentence was imposed, the BOP's policies required prisoners to serve non-parolable sentences before serving other parolable sentence, regardless of the order in which the sentences were imposed by the sentencing court. In 1997, the Supreme Court decided *Gonzales*, and ruled that a sentence imposed pursuant to §924(c) did not necessarily have to be served prior to other sentences if the sentences were not imposed in that order. *Gonazles v United States*, 520 U.S. 1 at 7-8 (1997). After *Gonzales*, the BOP amended its procedures to retroactively mandate that prisoners serve their sentences in the sequence that the sentencing court ordered. The

---

[2]The revocation of Petitioner's parole is a condition precedent to his complaint. The only way he could still be serving time in custody for his twenty year sentence is if at some point during parole his parole was revoked, he was ordered to serve the remainder of that sentence in custody, and the Parole Commission declined to give him credit against the twenty year sentence for the time he spent out on parole. Otherwise, the Parole Commission would have lost jurisdiction over Petitioner when his sentence expired on September 28, 2008, at the latest. *See Azure v. Pugh*, 216 F.3d 1086, 2000 WL 702400 (10th Cir. May 26, 2000) (discussing Petitioner's parole violations and revocation).

[3]Congress enacted 18 U.S.C. § 924(c) to add "additional years of mandatory, consecutive imprisonment without parole to any crime of violence in which a firearm is used or carried." *United States v. Johnson*, 32 F.3d 82, 85 (4th Cir. 1994).

7

Court of Appeals for the Fourth Circuit discussed this issue in *United States v. Luskin*, 16 Fed.Appx. 255 (2001), and noted that the change in policy had an effect on the defendant's *eligibility* for parole, but it did not discuss a necessary change in his release date or date on which his sentences were to expire.

Like the defendant in *Luskin*, had Petitioner served his twenty year sentence first, he would have been eligible for parole on that particular sentence five years earlier, but even if granted parole he would have spent the first five years of his parole in custody. The change in policy does not speak to the credit the Parole Commission would have given those five years against his twenty year sentence, but it is this Court's ruling that the consecutive nature of the § 924 (c) sentence would have precluded any subsequent credit of those five years against his twenty year sentence.

Additionally, Petitioner's claims that he did not receive credit for ninety-nine days he served in jail prior to his sentencing and 485 days of good time credit appear to be meritless. In its response to his administrative appeal, the BOP set forth its calculations of Petitioner's sentence. It stated that Petitioner was sentenced on May 6, 1985, served his five year sentence and became eligible for parole on his twenty year sentence on May 27, 1995, after six years and eight months. (Pet. Ex. B.) The time between May 6, 1985, and May 27, 1995, is ten years and twenty-one days. This total time is exactly 584 days less than the sum of five years plus six years and eight months, which demonstrates that Petitioner was given credit for his ninety-nine days of jail time prior to sentencing and 485 days of good time credit. The Court notes that while Petitioner became *eligible* for parole on May 27, 1995, he was not actually granted parole until January 29, 1996. The Court defers to the Parole Commission's determination of an appropriate parole date after Petitioner became eligible for parole.

For the reasons above, this Court **ADOPTS** the magistrate judge's recommendations to the extent he recommends that this Court dismiss the Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and remove this matter from the Court's docket. Accordingly, the Court **ORDERS** that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 3] be **DISMISSED** and that this case be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 25, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA